## J. Y. Laborde *v.* The City of New Orleans.

An action for damages incident to the action of warranty for *eviction* under Art. 2482 of the Code cannot be maintained where no actual eviction occurred, in consequence of a compromise made by the warrantor with the plaintiff before judgment was rendered

APPEAL from the Sixth District Court of New Orleans, *Cotton,* J.

*G. & C. E. Schmidt,* for plaintiff.   *J. Michel,* for defendant and appellant.

MERRICK, C. J.   This suit is brought to recover $4800 damages alleged to have been occasioned by the institution of a suit by *Richard Relf,* syndic of *Morgan's* creditors, against the plaintiffs.

It appears that the plaintiffs bought a vacant lot of the city in March, 1853, for $11,000.   In August following *Relf,* syndic, commenced a suit against the plaintiffs and others to recover the property.   In November the plaintiffs filed their answer calling the city in warranty.   Judgment was rendered in the district court in favor of *Relf,* syndic, in January, 1854.   An appeal having been taken, *Relf,* authorized by a decree of the court having jurisdiction of the insolvent proceedings, in June, 1854, abandoned the lot in controversy and certain other property to the city, in consideration of $31,587 06.

The plaintiffs built in September, 1854, and the property rents for $200 per month.

The plaintiffs, alleging that they bought the property with the intention to build and that they were delayed in commencing the improvements by reason of the institution of the suit, brought the present action to recover two hundred dollars damages a month for the delay occasioned by the suit, and two thousand dollars damages occasioned by the cloud hanging over the title and deteriorating its value, and five hundred dollars for counsel fees paid for the defence of the suit.

The plaintiffs proved that they bought the property with the intention of building upon it as alleged, and that they had paid their attorney five hundred dollars for defending the suit of *Relf,* syndic, against them.   The district judge allowed for eight months rent at $200 per month, and $500 attorneys fees, and rendered judgment accordingly in favor of plaintiff for $2100.   The city appealed.

The action cannot be maintained. The plaintiffs have not, according to their own showing, *been evicted*, and they are precisely in the situation they would have been if final judgment had been rendered in their favor on the appeal. In that event it is clear they would have had no claim against the defendant their warrantor. They are not in any worse condition because the city chose to buy its peace with the plaintiff in that action. The city has, therefore, fulfilled its covenant of warranty in maintaining the plaintiffs in their title and possession to the lot, and under the provisions of the Code the plaintiffs cannot recover damages which, at most, are incidents to the action of warranty for *eviction*. C. C. 2482. The point appears to have been decided in the case of *Melançon's heirs* v. *Duhamel*, 7 L. R. 290, and the principle is the basis of the decisions *Murray* v. *Bacon*, 7 N. S. 271; *George* v. *Roach*, 7 An. 594, and *Pepper* v. *Dunlap*, 5 An. 202. See also *Fletcher's heirs* v. *Cavalier et al.* 10 L. R. 120.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed, and that there be judgment in favor of the defendant, with costs of both courts.